# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3397

_____

| | | |
|---|---|---|
| Karen C. Charland, | * | |
| | * | |
| Plaintiff - Appellant | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Little Six, doing business as Mystic | * | |
| Lake Casino, Inc., a foreign | * | [Unpublished] |
| corporation; Mdewakanton Sioux | * | |
| Community, sued as Shakopee | * | |
| Mdewakanton Sioux Community, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: June 13, 2001
Filed: June 27, 2001

_____

Before MURPHY, HEANEY, and BEAM Circuit Judges.

_____

PER CURIAM.

Karen C. Charland, an employee of Mystic Lake Casino, was injured when she sustained a gunshot wound to the head while in a casino parking lot. Her employment was subsequently terminated, and she brought this action for negligence, breach of contract, and violations of the Minnesota whistleblower act, the Americans with Disabilities Act, and Title VII. The complaint was dismissed for lack of jurisdiction, and the defendants sought Rule 11 sanctions. After a hearing, the magistrate judge

recommended that the district court impose sanctions against Charland's attorney in the amount of $19,173.17 for frivolous allegations not warranted by existing law. The district court adopted the magistrate's report but imposed sanctions of $5,000. Charland argues on this appeal that the sanctions are barred by res judicata since this court did not award sanctions on an earlier appeal, that her suit was not frivolous, and that the amount of sanctions was too severe. After a careful review of the record, we affirm the judgment on the basis of the district court's opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.